# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

MATTHEW JOHN HYLTON,

    Petitioner,

v.

PATRICK GARTLAND,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-76

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Matthew Hylton ("Hylton"), who was formerly incarcerated at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent has now filed a Notice advising the Court Hylton was removed to Jamaica on January 30, 2020. Doc. 20. For the reasons which follow, I **RECOMMEND** the Court **DENY as moot** Hylton's Petition and Respondent's Motion to Dismiss, doc. 10, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hylton leave to appeal *in forma pauperis*.

## BACKGROUND

Hylton is a native and citizen of Jamaica, and he entered the United States in August 1993 on a non-immigrant visitor visa. Doc. 10 at 4. On April 10, 2002, Hylton's status was changed to a lawful, permanent resident. Id. Hylton submitted a naturalization application on April 1, 2008, and it was approved on September 2, 2008. Id. Six days before his naturalization ceremony, Hylton committed armed bank robbery and unlawfully transferred a firearm. Despite

this, Hylton appeared at his naturalization ceremony and declared under penalty of perjury he had not knowingly committed any crime or offense for which he had not been arrested. Id. Hylton was convicted of the charged offenses, after entry of a guilty plea, on December 7, 2009. Id. at 5. Hylton was later convicted of obtaining his citizenship by fraud, and, as a result, his United States' citizenship "was revoked, set aside, and declared void." Id. On January 14, 2019, ICE charged Hylton with being subject to removal and provided notice that removal proceedings had been initiated against him. Id. As noted above, Hylton was removed from the United States to Jamaica on January 30, 2020. Doc. 20; Doc. 20-1 at 3.

**DISCUSSION**

**I.     Whether Hylton's Petition is Moot**

In his Petition, Hylton states he has been illegally detained by ICE. Doc. 1 at 2. Hylton contends ICE agents unlawfully arrested him based on an illegal hearing and decision from an immigration judge. Id. at 5. Hylton asserts he was a naturalized citizen at the time of his convictions, and 8 U.S.C. § 1227(a)(2)(A)(iii) is not applicable. Id. at 6. In addition, Hylton asserts he was denied due process during the individualized hearing proceedings. Id. Hylton asks the Court to declare the immigration proceedings against him null and void, declare his ICE arrest and custody illegal, and order his immediate release from custody. Id. at 7.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding

the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)). A "'mootness issue quite clearly can be raised *sua sponte*. . . .'" Id. (quoting Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003), in turn quoting Sannon v. United States, 631 F.2d 1247, 1250 (5th Cir. 1980))).

Here, Hylton requests his immediate release from custody and certain declarations by this Court. Doc. 1. However, Hylton was removed from this country during the pendency of this Petition, and the Court raises the issue of the mootness of Hylton's Petition sua sponte. There is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DENY as moot** Hylton's Petition for Writ of Habeas Corpus and Respondent's Motion to Dismiss.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Hylton leave to appeal *in forma pauperis*. Though Hylton has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Hylton's filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Hylton *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Hylton's § 2241 Petition and Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hylton leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Hylton at his last known address and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of March, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA